UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIANA ISAAC,<br><br>Plaintiff,<br><br>-against-<br><br>SWAG.COM LLC and CMI HOLDINGS, INC.,<br><br>Defendants. | **COMPLAINT**<br><br>**Civil Action No.:**<br><br>Jury Trial Demanded |

ELIANA ISAAC ("Plaintiff"), by and through her attorneys, STEVENSON MARINO LLP, as and for her Complaint against SWAG.COM LLC AND CMI HOLDINGS, INC. (collectively, "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.; (ii) the disability discrimination provisions of the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 296(a); (iii) the disability discrimination provisions of the New York City Human Rights Law ("NYSCRL"), N.Y.C. Admin. Code § 8-107(1)(a); (iv) the retaliation provisions of the NYSHRL; (v) the retaliation provisions of the NYCHRL; and (vi) any other claim(s) that can be inferred from the facts set forth herein.[1]

[1] Plaintiff filed a Charge with the Equal Employment Opportunity Commission, Charge Number 520-2027-00297, on October 13, 2026, and intends to seek leave to amend the Complaint to add claims under the Americans with Disabilities Act of 1990, the Pregnant Workers Fairness Act of 2022, and Title VII of the Civil Rights Act of 1964 following the issuance of the Notice of Right to Sue.

2. As described below, Defendants interfered with Plaintiff's exercise of her rights under the FMLA and terminated Plaintiff's employment while she was out on protected FMLA leave, motivated by her engagement in protected activity under the FMLA, the NYSHRL, and the NYCHRL, and on the basis of her disability, and/or on the basis that Defendants regarded her as being disabled under the NYSHRL and NYCHRL, arising from the mental impairment she suffered as the result of a pregnancy loss.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

5. At all relevant times herein, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FMLA, the NYSHRL, and the NYCHRL.

6. At all relevant times herein, Defendant Swag.com LLC was and is a limited liability company doing business in New York, with a principal place of business located at 1640 Boro Place, Suite 301, Tysons, Virginia 22102.

7. At all relevant times herein, Defendant CMI Holdings, Inc. was and is a corporation doing business in New York, with a principal place of business located at 100 Business Park Drive, Armonk, New York 10504.

8. During the relevant period, Defendants employed at least fifty employees and thus are "employers" within the meaning of the FMLA, the NYSHRL, and the NYCHRL. At all relevant times, Defendants operated as a single business enterprise or joint employer of Plaintiff.

**BACKGROUND FACTS**

9. Plaintiff commenced her employment with Defendants on October 14, 2020, as an Operations Associate.

10. Throughout her tenure, Plaintiff demonstrated consistent excellence, earning a promotion to Operations Team Lead in May 2022.

11. In December 2024, Defendants underwent significant organizational changes, including major layoffs that eliminated the position of Plaintiff's original manager, who had managed Plaintiff throughout her employment. Plaintiff was assigned a new manager, Annie MacMillan, and there was an approximately three-month transition period to new leadership.

12. Despite this upheaval, Plaintiff maintained her strong performance and remained a valued member of the operations team through early 2025, establishing herself as a loyal and well-regarded employee who was well qualified for her position.

13. In July 2025, Plaintiff disclosed her pregnancy to MacMillan, and to her Human Resources ("HR") contact, Randi Smith-Stewart.

16. On September 8, 2025, Plaintiff informed MacMillan that she had suffered a pregnancy loss at 22 weeks. MacMillan told Plaintiff to use bereavement days for the procedure and the three days following.

17. Plaintiff underwent the procedure on September 9 and 10, 2025, and returned to work on September 11, 2025, intending to use her remaining bereavement days at a later point.

18. As a result of her pregnancy loss, Plaintiff suffered from a mental impairment in the form of depression over the loss of her pregnancy that substantially limited her ability to work and interact with other people.

19. On September 26, 2025, for information regarding her leave options under company policy, requesting a reasonable accommodation as a result of her mental loss and recovery from her miscarriage. She was clear with Smith-Stewart that she had experienced difficulty with maternity leave in 2023, when her daughter was born, and wanted to understand both her options and the financial implications before making decisions. HR referred her to Matrix, Custom Ink's third-party leave administrator.

20. Matrix instructed Plaintiff to submit a form and told her that the dates on the form were "arbitrary," so Plaintiff selected September 29, 2025, as her first day off, as this was the next business day.

23. On October 2, 2025, Matrix informed Plaintiff that her leave had begun and that she "may not return to work." This communication confused Plaintiff.

24. Due to new paperwork needing to be submitted, Plaintiff's FMLA leave commenced on October 7, 2025.

25. Plaintiff's short-term disability benefits ended on November 18, 2025, and when she contacted HR for clarity regarding the last day of her leave, Adam Lopez from Human Resources sent her a letter on November 20, 2025. The letter stated that Plaintiff was approved for FMLA leave from October 7, 2025, through December 29, 2025, with an additional reasonable accommodation leave from December 30, 2025, through January 5, 2026.

26. On December 17, 2025, while Plaintiff remained on protected leave, she was removed from Custom Ink's' Slack system at approximately 10:30 AM. Her manager then texted

her personal phone stating that she needed to speak with Ms. Isaac by 4:00 PM, and a call was scheduled for the following day.

27. On December 18, 2025, Plaintiff was informed that she was being terminated "due to her title." She was told to expect a severance package and that her performance bonus would be paid at 100%.

28. Plaintiff was terminated while on FMLA protected leave and just 19 days before her scheduled January 6, 2026, return to work. Ms. Isaac's employment officially ended on December 31, 2025.

29. In February 2026, Defendants paid Plaintiff's performance bonus at 100%, belying any suggestion of performance deficiencies and demonstrating the pretextual nature of the adverse actions taken against Plaintiff following her pregnancy disclosure and protected leave.

30. Defendants' stated reason for terminating Plaintiff, that she was let go "due to her title," is pretextual, as Plaintiff's position was not eliminated during December 2024 layoffs that eliminated numerous positions, including the position of Plaintiff's original manager. Instead, Defendants retained Plaintiff through those layoffs, assigned her new leadership, and waited to terminate her until she was on protected medical leave.

31. Defendants' decision was motivated not by any legitimate business need, but by their disapproval of Plaintiff exercising her protected right to take medical leave, her disability, and/or Defendants regarding Plaintiff as disabled based on her notice of her condition and her pregnancy loss.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS

*FMLA Interference*

32. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. The FMLA prohibits an employer from interfering with, restraining, or denying the exercise of or the attempt to exercise any right provided under the FMLA.

34. As described above, Plaintiff was an eligible employee under the FMLA and Defendants are employers as defined by the FMLA.

35. As also described above, Plaintiff was entitled to take leave under the FMLA for a serious health condition, and Plaintiff gave notice to Defendants of her intention of taking FMLA leave.

36. As also described above, Defendants interfered with Plaintiff's exercise of her rights under the FMLA by, among other things, providing confusing and contradictory information regarding her leave, failing to restore Plaintiff to her position upon the conclusion of her leave, and terminating Plaintiff's employment while she remained on protected FMLA leave and before her scheduled return to work.

37. As a direct and proximate result of Defendants' unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, economic loss, for which Plaintiff is entitled to an award of monetary damages, liquidated damages, and other relief.

38. As a direct and proximate result of Defendants' unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

39. Defendants' unlawful actions constitute malicious, willful, and wanton violations of the FMLA, for which Plaintiff is entitled to an award of liquidated and punitive damages.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS

*FMLA Retaliation*

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. The FMLA prohibits an employer from taking an adverse action against an employee qualified for their position motivated by the employee's exercise of rights protected under the FMLA.

42. As described above, Plaintiff was an eligible employee under the FMLA and Defendants are employers as defined by the FMLA.

43. As also described above, Plaintiff was entitled to take leave under the FMLA and Plaintiff gave notice to Defendants of her intention of taking FMLA leave.

44. As also described above, Defendants terminated Plaintiff motivated by her exercising her rights under the FMLA, despite Plaintiff being well qualified for the position.

45. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, economic loss, for which Plaintiff is entitled to an award of monetary damages, liquidated damages, and other relief.

46. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

47. Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the FMLA, for which Plaintiff is entitled to an award of liquidated and punitive damages.

## <u>THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS</u>

*<u>Disability Discrimination in Violation of the NYSHRL</u>*

48. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYSHRL § 296(a) prohibits employers, because of an employee's disability, from discriminating against such individual with respect to compensation, terms, conditions, or privileges of employment.

50. As described above, Defendants are employers within the meaning of the NYSHRL, while Plaintiff is an employee within the meaning of the NYSHRL.

51. As also described above, Defendants discriminated against Plaintiff by terminating Plaintiff on the basis of her disability, and/or on the basis that Defendants regarded her as being disabled, in violation of the NYSHRL.

52. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which Plaintiff is entitled to an award of monetary damages and other relief.

53. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

54. Defendants' unlawful actions were taken willfully and wantonly, and/or were so negligent and reckless and/or evidenced a conscious disregard of the rights of Plaintiff so that Plaintiff is entitled to an award of punitive damages.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Disability Discrimination in Violation of the NYCHRL*

55. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYCHRL § 8-107 prohibits employers, because of an employee's disability, from discriminating against such individual with respect to compensation, terms, conditions, or privileges of employment.

57. As described above, Defendant discriminated against Plaintiff by terminating Plaintiff on the basis of her disability, in violation of the NYCHRL.

58. As also described above, Defendant is an employer within the meaning of the NYCHRL, while Plaintiff is an employee within the meaning of the NYCHRL.

59. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which Plaintiff is entitled to an award of monetary damages and other relief.

60. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**

*Retaliation in Violation of the NYSHRL*

61. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYSHRL § 296(7) prohibits an employer from retaliating against an employee who has engaged in protected activity under the NYSHRL.

63. As described above, Defendant is an employer within the meaning of the NYSHRL, while Plaintiff is an employee within the meaning of the NYSHRL.

64. As also described above, after Plaintiff engaged in activity protected under the NYSHRL, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

65. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic harm for which Plaintiff is entitled to an award of monetary damages and other relief.

66. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

67. Defendant's unlawful actions were taken willfully and wantonly, and/or were so negligent and reckless and/or evidenced a conscious disregard of the rights of Plaintiff so that Plaintiff is entitled to an award of punitive damages.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT

*Retaliation in Violation of the NYCHRL*

68. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYCHRL § 8-107(7) prohibits an employer from retaliating against an employee who has in good faith opposed any practice forbidden by the NYCHRL.

70. As described above, Defendant is an employer within the meaning of the NYCHRL, while Plaintiff is an employee within the meaning of the NYCHRL.

71. As also described above, after Plaintiff engaged in activity protected under the NYCHRL, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

72. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic harm for which Plaintiff is entitled to an award of monetary damages and other relief.

73. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

74. Defendant's unlawful actions were taken willfully and wantonly, and/or were so negligent and reckless and/or evidenced a conscious disregard of the rights of Plaintiff so that Plaintiff is entitled to an award of punitive damages.

## DEMAND FOR A JURY TRIAL

75. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. An order granting preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

d. An award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with Plaintiff's claims, whether legal or equitable in nature, including back pay, front pay, liquidated damages, and any other damages for lost compensation or employee benefits that Plaintiff would have received but for Defendants' unlawful conduct;

e. An award of damages to be determined at trial to compensate Plaintiff for harm to Plaintiff's professional and personal reputations and loss of career fulfillment in connection with Plaintiff's claims;

f. An award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish in connection with Plaintiff's claims;

g. An award of punitive damages to the extent permitted by law, commensurate with Defendants' ability to pay;

h. An award to Plaintiff of reasonable attorneys' fees, as well as Plaintiff's costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

i. An award of pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff such other and further relief, including equitable relief, as this Court finds necessary and proper.

Dated: White Plains, New York
October 23, 2026

Respectfully submitted,

STEVENSON MARINO LLP
*Attorneys for Plaintiff*
445 Hamilton Avenue, Suite 1500
White Plains, New York 10601
Tel. (212) 939-7229
Fax. (212) 531-6129

By: ______________________
JEFFREY R. MAGUIRE